# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Lafonce Peppers,

               Petitioner,        Case No. 19-cv-13662

v.                                   Judith E. Levy
                                   United States District Judge

J.A. Terris,

                                   Mag. Judge Anthony P. Patti
               Respondents.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [1] WITHOUT PREJUDICE AND DENYING PETITIONER'S MOTIONS FOR PRELIMINARY INJUNCTION [3] AND EMERGENCY MOTION FOR AN ORDER TO STOP PRISON TRANSFER [7]

Petitioner Lafonce Peppers filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Peppers additionally filed two separate motions seeking to prevent his transfer to a different correctional facility. Peppers, who is proceeding *pro se*, is incarcerated at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"). He challenges a disciplinary conviction which resulted in the loss of 41 days good conduct time.

The Court dismisses the petition without prejudice because Peppers

has not exhausted his administrative remedies as required by 28 U.S.C. § 2241. The Court additionally denies both of Peppers' transfer motions because they are moot and because Peppers has no constitutional right to confinement in any particular facility or to avoid transfer to another facility or state.

**I.  Background**

Peppers is serving a 60-month sentence for distribution of a substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c).

In 2019, while incarcerated at FCI-Milan, Peppers was charged with possession of a hazardous tool (cell phone). Following a disciplinary proceeding, Peppers was found guilty. (ECF No. 1, PageID.2.) On December 4, 2019, he was sanctioned with the loss of 41 days good conduct time, loss of privileges, and a $500 fine. (*Id.*)

Peppers filed this habeas petition on December 9, 2019. He argues there was insufficient evidence to find him guilty of possession of a cell phone. He admits that he has not yet proceeded through the administrative process for challenging the disciplinary finding. (ECF No.3, PageID.18.)

## II. Discussion

The Court must undertake a preliminary review of a habeas petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases;[1] *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court may summarily dismiss the petition. *Id.*; *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district courts have a duty to "screen out" petitions that facially lack merit). After undertaking Rule 4 review, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

A federal habeas corpus petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981) The exhaustion

---

[1] Rule 4 applies to § 2241 petitions pursuant to Rule 1(b) of the Rules Governing § 2254 Cases.

3

requirement allows "the Bureau of Prisons . . . the opportunity to consider the application of its policy to [a prisoner's] claim before the matter is litigated in the federal courts." *Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001) (internal quotation and citation omitted). The petitioner bears the burden of establishing exhaustion. *Prather v. Rees*, 822 F.2d 1418, 1420, n.3 (6th Cir. 1987).

Peppers admits that, at the time he filed the petition, he had not yet commenced the Bureau of Prisons administrative remedy process. (ECF No. 3, PageID.18.) An administrative remedy is available for him to challenge the decision under 28 C.F.R. §§ 542.10-542.16. *See Wade v. Perez*, 14 Fed. App'x 330, 331 (6th Cir. 2001). A prisoner may submit a complaint to institutional staff. If the problem is not resolved, 28 C.F.R. § 542.13(a) & (b) allows a prisoner to file a formal request for administrative remedy with the warden of the prison. Thereafter, a prisoner may file an appeal to the Regional Director and General Counsel in the central office. 28 C.F.R. § 542.14. Peppers fails to meet his burden to show that he has exhausted his administrative remedies. Therefore, the Court will dismiss the petition without prejudice.

Also pending before the Court are two motions filed by Petitioner: a motion for preliminary injunction and an emergency motion for order to stop transfer. (ECF Nos. 3, 7.) Both motions ask the Court to prevent or delay Petitioner's anticipated transfer to the Allenwood Federal Correctional Complex in Pennsylvania. (*Id.*) The dismissal of the complaint renders these motions moot. However, even if the motions were not rendered moot, Petitioner would not be entitled to injunctive relief because a prisoner has no constitutional right to confinement in any particular facility or state or to avoid transfer to another facility or state. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976).

## III. Conclusion

For the reasons set forth above, the petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE. Petitioner's motion for preliminary injunction (ECF No. 3.) and emergency motion for order to stop transfer (ECF No. 7) are DENIED.

Further, the Court denies Petitioner leave to proceed on appeal *in forma pauperis* because any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

IT IS SO ORDERED.

Dated: March 4, 2020     s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
                         United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, March 4, 2020, using the Electronic Court Filing system and/or first-class U.S. mail.

                         s/William Barkholz
                         Case Manager